UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF NEW YORK

VINOD PATEL,

               Petitioner,         PETITIONER'S AFFIRMATION

    -against-

D.MARTUSCELLO, Superintendent        10-CV-4804 (CBA)

Coxsackie Correctional Facility

              Respondent.

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y

★ NOV 15 2010 ★

STATE OF NEW YORK)

COUNTY OF GREENE )ss:                          BROOKLYN OFFICE

    I, VINOD PATEL, make the following affirmation under the penalties of perjury:

1. I am the petitioner in this action and I respectfully submit this affirmation in response to the Court's order dated October 29, 2010. The instant petition should not be time-barred by the AEDPA's one-year statute of limitations because of three standards of law which allow this Court to review my case.

    (a) 28 U.S.C. §2244 (d)(1)(B), "the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;"

    (b) 28 U.S.C. § 2244(d)(1)(D), "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." and

    (c) Equitable tolling, "The doctrine that the statute of

limitations will not bar a claim if the plaintiff, despite diligent efforts, did not discover the injury until after the limitations period had expired. Equitable tolling does not require misconduct by the defendant.

The impediment in this action was my trial counsel's failure to file Notice of Appeal, my lack of a complete knowledge of my situation, my incarceration, (facility rules) and access to law library.

I was sentenced on February 7, 2007 and my trial attorney never contacted me or advise me about the right of appeal as required in McKinney's New York Rules of the Court for Supreme Court, Appellate Division Second Department Court Rule § 671.3 (a)-(f).

My lack of knowledge as impediment was a lack of understanding of the law governing my plea proceeding. That my plea must be knowing, voluntary and intelligent. My plea was not voluntary because of various facts of law which was not related to me concerning any defense to the charges. Another issue of my not knowing the elements of the plea, as a fact I am actually innocent. As one of the standard of review for 28 U.S.C. § 2254, "Cause of prejudice" actual innocence. My plea was not intelligent due to the fact I did not know the elements of the crime. Because the date shows in Superior Court Information in my case was tampered and not true.

My plea was not voluntary because my trial attorney coerced me to plea and finish the process in Queens County case without making any attempt to relate the facts of my plea agreement and explaining to me. So I would be able to make a proper choice.

The following is a showing of the impediment caused by the

2

various correctional facilities I was incarcerated at to access information and the Courts to make timely applications for the relief now sought.

I was sentenced on February 6, 2007, in Queens County and moved to Nassau County Correction Center. I was in Protective Custody and limited access to Law Library about 40 minutes per week. Also, due to lack of law knowledge and another pending hearing with Family Court I was able to find out any details about my rights about appeal. I was only allowed to access the Law Library twice while at Nassau County Correctional Center. On or about April 24, I was moved to New York State Department of Correctional Services (hereinafter NYDOCS) at Fishkill and I stayed there for a week and was keep busy with orientation. Then on or about May 5 I was moved to Coxsackie Correctional Facility and stay in Reception for a week. I was not able to go to Law Library from reception. Then move me to Industry Block D-1 and next day back to Reception and moved me back to Nassau County for Family Court pending hearing. I was there about until July 23 and move back to Downstate Correctional Facility. I was in the process of moving and unable to receive any legal or private letters which was held in Coxsackie Correctional Facility. When I arrived back at Coxsackie in the month of July I received my mail. I found out that my attorney failed to file a Notice of Appeal in Queens County and only filed in Nassau County case. After that I got information from Law Library in the month of October about the permission to file a late Notice of Appeal. I filed motion with the help of other inmate in law library for motion under § 460.30 of the Criminal Procedural Law (Hereinafter CPL) in October.

3

Which was denied in January 2008. I filed the motion before one year time limitation for permission to file a late Notice of Appeal but was denied by Appellate Division: Second Department. After that due to lack of knowledge of the law I requested via Law Library supervisor legal assistance for my case. (New York State Department of Correctional Service Directive # 4483) That process required time for approval from Law Library Administrator or the Superintendent of Programs. Once they approved and gave me permission I discussed and reviewed with legal assistance. Then I filed motion pursuant to CPL § 440.10 Post-Conviction motion to vacate Judgment. Which was denied and also filed a second Post Conviction motion pursuant to CPL §440.20 to set aside sentence. Both motions were denied and also application to appeal for both motions were denied. After exhausting all my state remedies I filed a Habeas Corpus motion.

As can be shown by my entire history of my attempts to correct my Judgment of Conviction my Post Conviction motions were filed with due diligence as soon as the impediments were removed, my trial counsel's failure to file an appeal (leaving my only option to file for permission to file late appeal pursuant to NYS Criminal Procedural Law § 460.30) and incarceration (lack of access to Law Library to research my issues and access to typewriters, papers etc.) Any motion filed previously would be deemed inadequate so for me to meet the high burden of proving my issues required my access to Legal Material that was blocked from me previously. See Acosta v. Artuz, 221 F. 3d 117 (28 U.S.C. § 2244 (d)(1)(B) is similar to official interference. Official interference is also shown in

4

the fact the State Court refused my application pursuant to New York State, CPL § 460.30 (A complete review of my state record supporting this petition under 28 U.S.C. § 2254 shows due diligence in attempts to present my issues of wrongful conviction regarding the underlying conviction. However, Trial Court's continued refusal to hear all issues to presented blocked proper review).

The standards in 28 U.S.C. § 2244 (d)(1)(D) is shown in my case by the facts prior to my access to Legal Assistance I was unaware of my rights, deadlines, what my attorney did to secure my appeal rights were preserved and legal standards showing errors in the Judgment of Conviction against me. If this Court reviewed the record including motion pursuant to CPL § 460.30 and application for leave to appeal motion pursuant to § 460.30 and denial date of July 8, 2008, with all post conviction motions filed with proper tolling for pendency of these motions this petition pursuant to 28 U.S.C. § 2254 was filed with due diligence after date claims could of been discovered by me. This fact is magnified due to my trial attorney's abandonment of me and responsibility to New York State Codes Rules and Regulations.

Equitable tolling together with 28 U.S.C. § 2244 (d)(1)(B) and (D) should allow this petition to proceed since the earliest time impediments were removed to a proper timely filing of State challenges to this motion was the filing of my motion pursuant to New York State, CPL § 460.30 and its review was completed on July 8, 2008. So considering the July 8, 2008 date minus time pending for Post-Conviction motions the October 6, 2010 filing of this petition shows due diligence.

5

In conclusion considering the Cause and prejudice standards for review by this Court and the enclosed letters from alleged victims showing merit to my claim I am actual innocent and denial to review my case would be a miscarriage of Justice.

In view of the foregoing, it is respectfully submitted that the instant petition should be permitted to proceed.

Dated: November 9, 2010.                    Respectfully Submitted

                                            *Vinod Patel* (signature)

                                            Vinod Patel, Din # 07-A-2244
                                            Coxsackie Correctional Facility
                                            P.O. Box 999, Route 9 West
                                            Coxsackie, New York 12051-0999

# AFFIDAVIT

3/23/06

Dear Silvia Finkelstein;

I am writing to you because I would like to tell you that whatever I told Diane Barbieri was not true. I was very sleepy at that time when She was intervieing me. And because they were not going to leave until I told them something. I just agreed witt witheverything they asked, so they would leave. Also at many times I didn't understand what she asked me. Today I had my blood taken for second time, and I came home wondering why they took my blood again. Then I read report that came from the family court, and realized that the information was not true. My dad never sexually abused me since I was five years old, He never abused me 20 times, he just took pictures. My dad did not lok happy when he took the pictures. He requested me not to tell anyone and he also cried when he took the pictures. The statement (f) in the report about September, 2005 was not true either. I also read that the S.C.A.N. reported that I had vagina tears and rectal findings. This was not done by my dad. Some time in 2004, I fell off my bike at the dead end near my house, and I hurt my knee and private part. I only told my mom about my knee because it was bleeding. Some time before I found dirty magazine at that dead end and I looked at it and I got some ideas. I felt an odd feeling in my vagina, so I want to put somethingcold and I used carrot I found from refrigerator to ease the pain for some days. This is what probabely caused the tear. I felt embarrassed so I didn't tell anyone about this. I am very sorry that I didn't tell you about this earler. The truth is my dad never raped me, like the report said. My dad is a kind, timid, friendly, and helping personwho has a great heart.My dad is innocent and he never hurt me. I apologize for everything.This is the truth that I waould like to share with you at my own will. No one else knows about this letter.PLease forgive me and my dad. I hope you understand my feelings. Thank you

Sworn before me

this __10__ day of _nov_, 2007.

Sincerely

Nilam Patel.

_Frederick Marshall_

Notary Public

FREDERICK MARSHALL
Notary Public, State of New York
No. 4976533
Qualified in Nassau County
Term Expires Jan. 14, 2011

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ NOV 15 2010 ★
BROOKLYN OFFICE

EXHIBIT-2

-1-

# AFFIDAVIT

Date: 3/25/06

Dear Silvia Finkelsteini;

    I would like to write to you again because I want to make sure you really know the truth. The ststement made by Diane Barbieri was not true. I just agreed to what She asked me. I was so sleepy at the time She was interviewing me, and I was demanding a Laptop or cell phone to much and my dad told me not now. I was mad at my dad and I might have spoken bad things about him. I am very sorry. Now I realized why they come at my house midnight and why some things in my report are wrong. IN the report, it said that the S.C.A.N. reported that I had damages in my private part. This was not caused by my dad, this happened because of my mistake. I gave you details in the other letter. My dad never raped me, he never physically or mentally hurt me in any way. My dad is a timid person. I am sorry for not telling you know earlier. I am being bothered by giving my blood many times, taking different tests, and going for counceling. My dad din't do anything that serious to me. My dad is very kind person. PLease forgive my dad. I apologize for my mistake. I hope you will help me. Thank you.

    I wrote this letter by my own will.

Sincerely

*Nilam Patel*
NIlam Patel

Sworn before me

this \_\_\_10\_\_\_ day of \_\_nov\_\_, 2007.

*Frederick Marshall*

**Notary Public**
FREDERICK MARSHALL
Notary Public, State of New York
No. 4976533
Qualified in Nassau County
Term Expires Jan. 14, 2011

Exhibit-2

-2-

# AFFIDAVIT

3/28/06

God,

Please listen to my prayer. Help my family. We all feel so lonely without my dad. Also forgive me for that statement I gave to the Detective before. That statement was not true, and it was my misunderstanding. The Detective told me that night that no one was going to get in trouble, so I agreed to whatever she asked me because I was very sleepy. Please God, help my dad to get out of jail. I had no idea that I said something so wrong that my dad got sent to jail, and has to stay there for a long time. So please God, bless us to get our dad out of jail. My dad is a very kind person, and he is very helpful to everyone. He also has a great heart. My dad did not do anything bad to me. He never hurt me before. He gave my whole family a lot of love and gave me everything I wanted. God I hope you will help my family. And please help my dad, he doesno't belong to jail.

*Nilam Patel*

(Nilam Patel)

Sworn before me

this  10th  day of  Nov  , 2007.

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT
★ NOV
BROOKLYN OFFICE

*Frederick Marshall*

Notary Public

FREDERICK MARSHALL
Notary Public, State of New York
No. 4976533
Qualified in Nassau County
Term Expires Jan. 14, 2011

Exhibit-2

-3-

## AFFIDAVIT

Dear Silvia Finkelstein;                                    4/06/06

    I am writing to you to tell you the truth. Diane Barbieri wrote the report and then asked me to sign it. I didnot say any of the things that are in the report. It is not fair that she came at night and asked me questions that I didn't understand. My dad did not do anything to me. My dad is innocent. I have wrote lettes to you before, and I hope you got them. I have asked Joseph Abbenda for help, and he is trying to reach you. Please try to contact Joseph Abbenda at this number, (516) 674-4721 so he can talk to you and he also has copy of the letters I wrote to you. Please help me.

                                      Thank You.
                                      Sincerely,

                                      *Nilam Patel* (signature)
                                      (Nilam Patel)

Sworn before me
this ___10___ day of ___Mar___, 2007.

_Frederick Marshall_ (signature)
Notary Public

FREDERICK MARSHALL
Notary Public, State of New York
No. 4976533
Qualified in Nassau County
Term Expires Jan. 14, 2011

                        Exhibit-2

-4-

## AFFIDAVIT

4/8/06

Dear Joseph Abbenda;

    I want to fix the report because it is not ture. My dad never sexually abused me since I was 5. I don't even know how all of these things got in the report. I was so sleepy and I didn't understand what Diane Barbieri, the lady that first interview me, was asking me. The next day, I went to the hospital for a test, and a nurse asked me questions, and I didn't know what she was talking about. Then the nurse yelled at me and asked why I would give that statement if your dad did nothing. But I didn't know what the report said. Then when I read the report, I realized everything was not right. My dad didn't do everything in report. He took only picture, but wasn't happy taking them and he cried afterwards. My dad never mentally or physically hurt me or sexually abuse me. My dad innocent. I would like to change report because some of it was my mistake. Please change the report because my dad didn't do all this and I will feel guilty for everything he didn't for the rest of my life. So please talk to Silvia Finkelstein and fix my report. I greatly appreciate your help.

Thank You

Sworn before me
this \_\_10\_\_ day of \_\_Nov\_\_, 2007

_(signature)_
(Nilam Patel)

_(signature)_
Notary Public

FREDERICK MARSHALL
Notary Public, State of New York
No. 4976533
Qualified in Nassau County
Term Expires Jan. 14, 2011

Exhibit-2

-5-

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y
★ NOV 15 2010 ★
BROOKLYN OFFICE

AFFIDAVIT

12/28/06

Dear Dr. Zuefle

       I would like you to know the truth about this case. The truth is that my father only took pictures very quickly and gently in 2003. At that time I was young and I didn't have an idea that it was bad thing, but he requested me to help him take the pictures. After he took the pictures, he was very upset, unhappy looking, and he cried. When the detective came to interview me at midnight, I didn't understand the questions she was asking me and I was sleepy. She made a report and made me sign it. That is why there are many false statements. The day after, they took me to the hospital and the nurse explained sexual activity to me and asked me if my father did any of it with me. I said no and She became mad at me and asked me why I made that statement; then She didn't ask any more questions about my health. Then I realized that something was wrong. I would not like to see any false statements on my record, such as my father abused me since I was 5 years old, he raped me, and he caused damage to my body. The tears and findings in my medical report were not caused by my father, but from my constipation problems and bike riding accident in 2004.

       The Court decided that I am tramatized, but how could I tramatized when I have very high grades in school all time, and if you have any questions, you could ask my teachers any time. I also participating in many activities outside of school, such as social and religious events, and recreational activities.

       My father was a kind and great hearted, soft natures person who could be easily tricked. He might have been forced or trapped into taking the pictures. He tried to move my family from New York a couple of times from 2003. He finally moved us to Tennessee, but I didn't ajdust to the school there, so we moved back. But my father didn't want to move back and was willing to work in factory in Tennessee. That is why we think he was under some pressure.

       Please try to understand the truth and help me to clear my court and state record of false statement such as he abused me since I was 5 years old, he raped me, he had sex with me in September, 2005. All of these statements are copmletely wrong. If the court punishes my father for such a long time, it will effect my social life and future in many ways. I hope you understand my feelings and help my family.

Sworn before me

this  /0  day of  Mar , 2007.

Sincerely

*Nilam Patel*

Nilam Patel.

Exhibit-2

*Frederick Marshall*

Notary Public

FREDERICK MARSHALL
Notary Public, State of New York
No. 4976533
Qualified in Nassau County
Term Expires Jan. 14, 2011

-6-

Exhibit-2

Hon. John G. Marks
Family Court
Nassau County
Westbury, New York 11590

From: Ajay Patel and Nilam Patel
2020 Lincoln Avenue.
East Meadow, New York 11554
May 29th, 2007

Honorable Judge,

My sister, Nilam Patel, and I, Ajay Patel, would like the request a removal of the order of protection made by the Family Court. Our father is not a threat to us and we would like to be able to visit him. He has always been a loving father and I have not seen him as an abusive parent. I understand, however, that due to certain circumstances, my father may have commited some crime. Despite such findings, the fact remains that our father had cared for us greatly and we still love him very much. It would make us very happy if we would be allowed to talk to him when we are able to. We would appreciate your help in making our wishes possible. Thank you.

Sincerely, Ajay Patel and Nilam Patel

*Ajay Patel*                                                      *Nilam Patel*

-13-

PROOF OF SERVICE BY MAIL

BY PERSON IN STATE CUSTODY

(Fed. R. Civ. P. 5:28 U.S.C. § 1746)

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y
★ NOV 15 2010 ★
BROOKLYN OFFICE

I, Vinod Patel, DIN # 07-A-2244, declare I am over 18 year of age and a party to this action. I reside at Coxsackie Correctional Facility, in the County of Greene, State of New York, Rte. 9 West, P.O. Box 999, Coxsackie, New York 12051-0999.

On November 08, 2010, I served the PETITIONER'S AFFIRMATION IN RESPONSE TO THE COURT'S ORDER DATED October 29, 2010, FOR PETITION FOR WRIT OF HABEAS CORPUS UNDER 28 U.S.C. § 2254 under U.S. District, Eastern District of New York, Case No. 10-CV-4804 (CBA), on the party herein by placing true and correct copies thereof, enclosed in a sealed envelope, with postage thereon fully paid, in U.S. Mail in a deposit box so provided at the above-named correctional institution which I am presently confined. The envelope was addressed as followed:

U.S. District Court (Original)
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

I declare under the penalty of perjury the law of the United States of America that the foregoing is true and correct.

Executed on: November 9, 2010

Respectfully Submitted

*Vinod Patel*

**COXSACKIE CORRECTIONAL FACILITY**
P.O. BOX 999
COXSACKIE, NEW YORK 12051-0999

NAME: __VINOD PATEL__   DIN: __07-A-2244__

LEGAL MAIL

U.S. District Court
Eastern District of New York
225 Cadman Plaza
Brooklyn, New York 11201
Clerk of the Court

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ NOV 15 2010 ★
BROOKLYN OFFICE

neopost
$00.610
11/10/2010
Mailed From 12051
US POSTAGE