UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
VINOD PATEL,

                     Petitioner,

    -against-

D. MARTUSCELLO,
Superintendent, Coxsackie Correctional Facility,

                     Respondent.
------------------------------------------------------------X

NOT FOR PUBLICATION
MEMORANDUM AND ORDER

10-CV-4804 (CBA)

AMON, United States District Judge:

On October 6, 2010, *pro se* petitioner Vinod Patel, who is currently incarcerated at Coxsackie Correctional Facility pursuant to judgments of conviction entered in Queens and Nassau counties, submitted a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.[1] By Order dated October 29, 2010, this Court directed Petitioner to show cause within 30 days why the petition should not be dismissed as time-barred under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which provides a one-year period of limitations for the filing of an application for a writ of habeas corpus. The Court received petitioner's Affirmation on November 15, 2010, but it fails to demonstrate that the instant petition is timely or that petitioner is entitled to equitable tolling of the statute of limitations. Therefore, the petition is dismissed as time-barred.

## DISCUSSION

Petitioner pled guilty in Queens County to two counts of violating Penal Law § 263.16,

---

[1] The instant petition challenges only the Queens County conviction. On December 2, 2010, petitioner filed a separate petition challenging the Nassau County conviction. See Patel v Martuscello, Docket No. 10-CV-5695-CBA-LB. That petition remains pending.

possessing a sexual performance by a child.[2] He was sentenced on February 6, 2007 to one and one-third to four years imprisonment on each count, to run consecutively.[3] As part of his plea agreement, petitioner waived his right to appeal. (Pet. at 3.) Petitioner asserts six grounds for relief. Under the first ground, petitioner alleges that the plea was procured by duress, misrepresentation, and fraud by the prosecutor, specifically that the Supreme Court Information ("SCI") and the plea colloquy were inadequate. The second ground alleges that defense counsel coerced him into waiving his right to appeal. The third ground alleges ineffective assistance of counsel, asserting, among other facts, that counsel failed to notify him in writing of his right to appeal. The fourth ground claims the denial of due process based on petitioner's sentencing, which petitioner argues is "against New York State legislature intent [sic]." The fifth ground asserts that consecutive sentences were illegally applied based on a single act, and the sixth that surcharges were improperly imposed. (Pet. At 5-22.)

Petitioner's conviction became final on March 8, 2007 when the time for seeking an appeal expired. See N.Y.Crim. P. L. § 460.10(1)(a). By the time petitioner filed the first of his two post-conviction motions in the New York Supreme Court, on December 18, 2008, the statute of limitations for filing an application for a writ of habeas corpus in federal court had expired.[4]

---

[2] The Petition states that the "Date of judgment of conviction is September 21, 2006" and that the "Date of sentencing is February 06, 2007." Petition at 1.

[3] Petitioner also faced charges in Nassau County, and is now serving an indeterminate sentence of 12 to 15 years on the Nassau County conviction. See http://nysdocslookup.docs.state.ny.us/GCA00P00/WIQ3/WINQ130.

[4] To the extent the Court construes petitioner's motion to file a late notice of appeal pursuant to N.Y.Crim. P. L. § 460.30 as a properly filed petition for post-conviction or collateral review in state court, thus tolling the state of limitations under 28 U.S.C. § 2244(d)(2), petitioner's time to file has nevertheless been exceeded by at least thirty-six days. But see Bethea v. Girdich, 293 F.3d 577, 579 (2d Cir. 2002) (casting doubt on whether a motion to file a late notice of appeal

A.     28 U.S.C. § 2244(d)

Petitioner's November 15, 2010 affirmation argues that the statute of limitations commenced on a later date, and that the limitations period should be equitably tolled. Although petitioner's conviction became final on March 8, 2007, he argues that the statute of limitations in his case should be determined on the basis of another of AEDPA's triggering events. AEDPA provides that the statute of limitations is to begin on the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

---

would toll the statute of limitations); Green v. Mazzucca, Nos. 00-CV-0996 (JBW), 03-MISC-0066 (JBW), 2003 WL 21817292, at *1 (E.D.N.Y. July 23, 2003 ("A motion for extension of time to file an appeal does not toll AEDPA's limitations period unless an extension is actually granted."). Petitioner states that he first filed his § 460.30 motion in "October." In calculating the time for filing under the AEDPA assuming that petitioner's motion to file a late notice of appeal would toll the statute of limitations, the Court has thus used the earliest possible date to which the petitioner could refer, October 1, 2007, and tolled from that date until July 8, 2009, when the Court of Appeals denied leave to appeal his renewal motion, as well as the period between December 18, 2008 and September 2, 2010, based on petitioner's additional motions for post-conviction relief.

3

Petitioner now argues that 28 U.S.C. § 2244(d)(1)(B) or (D) should apply to his case. Pursuant to 28 U.S.C. § 2244(d)(1)(B), he asserts that he was impeded from filing an application by his trial counsel's failure to file a Notice of Appeal and by his own lack of knowledge about the process and his limited access to a law library during the first few months after his conviction. (Affirm. at 2.) However, 28 U.S.C. § 2244(d)(1)(B) refers to an "impediment to filing an application *created by State action*" (emphasis added). Moreover § 2244(d)(1)(B) pertains only to impediments created by state action that violates the Constitution or the laws of the United States.

The only alleged impediments that could be laid at the responsibility of the state are petitioner's claims that he had limited access to a law library and that he was temporarily separated from his legal mail, both due to his being moved between facilities and attending court proceedings in Nassau County. (Affirm. at 3.) However, the transfer of an inmate among facilities or prisons falls within the discretion of the state and generally does not give rise to a violation of the laws of the United States. See Kloss v. Haskell, 48 F.3d 81, 86 (2d Cir.1995); Montalvo v. Strack, No. 99 Civ. 5087(JGK), 2000 WL 718439 (S.D.N.Y. June 5, 2000); see also Ramirez v. Yates, 571 F.3d 993, 997-1001 (9th Cir. 2009) (finding petitioner's restricted access to law library and legal file based on administrative segregation did not constitute unlawful impediment to constitutional right of access to courts where placement in administrative segregation did not prevent petitioner from "presenting his claim in *any* form, to *any* court."). Moreover, petitioner describes multiple opportunities to visit the library throughout this period. (Affirm. at 3-4.) Accordingly, petitioner has failed to demonstrate that any state-created impediment in violation of the Constitution or laws of the United States prevented him from

timely filing. The Court likewise rejects petitioner's claim that the state courts' adverse decisions on his motions somehow prevented him from filing on time. (See Affirm. at 4-5.) For these reasons, 28 U.S.C. § 2244(d)(1)(B) does not apply.

Petitioner argues that 28 U.S.C. § 2244(d)(1)(D) should apply, because he did not discover the basis for challenging his conviction until he learned that his lawyer had not filed a notice of appeal. (Affirm. at 5.) As stated, under § 2244(d)(1)(D) the one-year statue of limitations begins to run on "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." "This date stands regardless of whether the petitioner actually discovers the relevant facts at a later date." Tineo v. United States, No. 01 CIV. 4511(HB), 97 CR. 313(HB), 2002 WL 1997901, at *2 (S.D.N.Y. Aug. 29, 2002) (citing Wims v. United States, 225 F.3d 186, 188 (2d Cir. 2000)).

In Wims v. United States, the Second Circuit Court of Appeals found that § 2244(d)(1)(D) would apply to a claim of ineffective assistance of counsel based on the failure to file a notice of appeal, and that a delay of up to five months in discovering such a failure was not inherently unreasonable. However, this is not a case, as in Wims, where the petitioner claims ineffective assistance of counsel premised on counsel's failure to perfect an appeal. See Wims, 225 F.3d at 190-91. Indeed, petitioner's right to appeal was apparently waived. Rather, petitioner here raises claims arising from events preceding his guilty plea and sentencing. Only the second and third of plaintiff's claims are relevant to attorney misconduct. The second claim alleges that petitioner was coerced by counsel into waiving his right to appeal, and was not informed of his right to appeal in writing or of the maximum term of the sentence that could be imposed. His third claim is similar to the second, and asserts ineffective assistance of counsel

based on counsel's alleged failure to properly explain his plea bargain, to notify petitioner of his right to appeal in writing, to inform him of the maximum sentence that might be imposed, and to present petitioner's actual innocence claim.

With respect to both claims, petitioner was aware of all the facts and circumstances underlying them as he was actually present at the plea and sentencing as well as the events preceding them. See Mills v. United States, No. 09 Civ. 4090(JSR)(MHD), 2010 WL 3825732, at *6 (S.D.N.Y. May 20, 2010) (distinguishing Wims on ground that alleged constitutional defects in attorney's performance occurred prior to plea and sentencing); Tineo, 2002 WL 1997901, at *2 (finding petitioner failed to justify delayed filing based on alleged ineffective assistance of counsel and coercion by attorney). While it may be true that petitioner was not aware of the legal basis for such claims until a later date, § 2244(d)(1)(D) deals only with the discovery of predicate facts, not their legal significance. See Hasan v. Galaza, 254 F.3d 1150, 1154 n.3 (9th Cir. 2001) (explaining that statute of limitations "begins when the prisoner knows (or through diligence could discover) the important facts, not when the prisoner recognizes their legal significance"); Plasencia v. Barkley, No. O5-CV-1722 (SLT)(LB), 2008 WL 4185879, at * 3 (E.D.N.Y. Sept. 9, 2008) (finding petitioner in possession of facts supporting ineffective assistance of counsel claim based on alleged coercion of plea and failure to hold hearing on competence at time of plea and sentencing even though not aware of legal significance of facts); Ledoux v. Dennehy, 327 F. Supp. 2d 97, 101 (D. Mass. 2004) ("That [petitioner] did not discover until October or November 1999 that his trial counsel's advice was allegedly misleading and inaccurate is certainly unfortunate, but nevertheless, it is unavailing under the language of section 2244(d)(1)(D)."). Accordingly, petitioner has failed to provide facts sufficient to commence the

statute of limitations at a later date under either 28 U.S.C. § 2244(d)(1)(B) or (D).

B.   **Equitable Tolling**

Plaintiff's allegations are also insufficient to warrant equitable tolling of the statute of limitations. In order to assert grounds for equitable tolling a petitioner must show that extraordinary circumstances prevented him from filing his petition on time and that he acted with reasonable diligence throughout the period he seeks to toll. Smith v. McGinnis, 208 F.3d 13, 17 (2d Cir. 2000). Petitioner's *pro se* status, ignorance of the law, and lack of access to legal assistance do not warrant equitable tolling. See, e.g., id.; Armand v. Strack, No. 98 CV 6650, 1999 WL 167720, at *5 (E.D.N.Y. Feb. 19, 1999) (lack of access to law clerks, illiteracy, lack of English fluency and ignorance of the law have all been considered and rejected by courts as insufficient to demonstrate exceptional circumstances); Fennell v. Artuz, 14 F. Supp. 2d 374, 377 (S.D.N.Y. 1998) (equitable tolling based on excuses common among prisoners, such as lack of education and lack of familiarity with legal research, would undermine the AEDPA statute of limitations). Nor do his transfers between prison facilities and the attendant burden on his access to legal material warrant tolling. See Warren v. Kelly, 207 F. Supp. 2d 6, 10 (E.D.N.Y. 2002) ("Transfers between prison facilities, solitary confinement, lockdowns, restricted access to the law library and an inability to secure court documents do not qualify as extraordinary circumstances.").

Likewise, none of the alleged attorney errors are sufficient to justify equitable tolling. Attorney error normally will not constitute "extraordinary circumstances" sufficient for equitable tolling; however, "an attorney's behavior may be so outrageous or so incompetent as to render it extraordinary." Baldayaque v. United States, 338 F.3d 145, 152 (2d Cir. 2003). Simple

negligence is not sufficient. See, e.g., Urena v. United States, No. 03 Civ. 6722, 2005 WL 1653888, at *2 (S.D.N.Y. July 13, 2005) (alleged erroneous or deceptive advice concerning time to file petition for certiorari inadequate for equitable tolling); see also Smaldone v. Senkowski, 273 F.3d 133, 138 (2d Cir.2001) (finding no equitable tolling for attorney error in believing that state collateral actions reset the statute of limitations clock). Even assuming the alleged errors satisfied the extraordinary circumstances requirement, petitioner has not demonstrated any connection between the alleged errors, which relate to his appellate rights, and his inability to timely file the instant habeas petition. See Raynor v. Dufrain, 28 F. Supp. 2d 896, 900 (S.D.N.Y. 1998) ("[E]ven if petitioner's attorney failed to file a notice of appeal in the instant case, this failure had no bearing on his actual ability to pursue habeas relief."). This is not a case where petitioner relied on statements by counsel that an appeal had been filed or other action taken that would toll the statute of limitations. Cf. Wims, 225 F.3d at 190-91. Accordingly, the Court finds no basis for equitable tolling.

Finally, petitioner argues that the Court should overlook the untimeliness of his petition because "I am actually innocent." (Affirm. at 2.). He supports this claim by attaching "letters from alleged victims showing merit to my claim I am actual[ly] innocent." (Affirm. at 6.) In a letter dated March 23, 2006 and affirmed on November 7, 2007, petitioner's daughter states: "My dad never sexually abused me since I was five years old, He never abused me 20 times, he just took pictures." (First Attachment to Affirm.) In another document, dated April 8, 2006, and also affirmed on November 10, 2007, she wrote: "My dad didn't do everything in report. He took only picture. . . ." (Fifth Attachment to Affirm.) In a letter dated December 28, 2006, also affirmed on November 10, 2007, she wrote: "The truth is that my father only took pictures very

quickly and gently in 2003." (Sixth Exhibit to Affirm.)

Petitioner has pled guilty to possessing a sexual performance by a child in violation of N.Y. Penal Law § 263.16. These statements, in the supposedly exculpatory letters, are far from supporting petitioner's claim that he is innocent of that charge. As petitioner has not made a credible claim of actual innocence, the Court need not consider whether equitable tolling is available on this basis. See Doe v. Menefee, 391 F.3d 147, 160-61 (2d Cir. 2004).

## CONCLUSION

Petitioner's affirmation fails to establish any grounds for re-calculating the statute of limitations or for statutory or equitable tolling. Accordingly, the petition for a writ of habeas corpus is dismissed as time-barred. A certificate of appealability shall not issue because petitioner has not made a substantial showing of the denial of a constitutional right. See 28 U.S.C. § 2253(c)(2); Lucidore v. New York State Div. of Parole, 209 F.3d 107, 112-13 (2d Cir. 2000). The Court certifies pursuant to 28 U.S.C. § 1915(a) that any appeal from a judgment denying the instant petition would not be taken in good faith. Coppedge v. United States, 369 U.S. 438 (1962).

SO ORDERED.

/Signed by Judge Amon
CAROL BAGLEY AMON
United States District Judge

Dated: Brooklyn, New York
February 16, 2011